

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**BISHOP J. BYRD, JR.**                                                                 **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 2:05cv22KS-JMR**

**JO ANNE BARNHART,**                                                                   **DEFENDANT**
**Commissioner of Social Security.**

### ORDER OF REMAND

This matter is before the Court on motion of the defendant for Order Affirming the Decision of the Commissioner [11-1] and on motion of the plaintiff seeking Judgment on the Pleadings, or in the alternative, Remand to the Commissioner for further proceedings [10-1]. This Court has jurisdiction in this matter to enter judgment affirming, modifying, or reversing the Commissioner's decision or may enter an Order to Remand a Social Security action for further determination. *Shalala v. Schaefer*, 509 U.S. 292 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). After careful review of the record in this matter, the Court determines that this action must remanded for further consideration by the Administrative Law Judge (ALJ), to consider plaintiff's physical limitations and consult a Vocational Expert so that the Commissioner may appropriately consider the plaintiff's physical condition and his ability to engage in significant gainful employment as a result of his education background and medical condition .

Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on September 21, 2000, alleging disability as of that date. His applications were denied initially, and upon reconsideration, and Plaintiff requested an administrative hearing (Tr. 28-29). On November 15, 2001, ALJ Sheridan P. Hunt, Jr. held a hearing at which Plaintiff, who was

represented by counsel, appeared and testified (Tr. 315-336). On March 13, 2002, the ALJ issued a decision finding that Plaintiff was not disabled because he retained the RFC to perform light work(Tr. 17-26). On March 18, 2002, Plaintiff requested review of the ALJ's decision. This request was denied by the Appeals Council on April 17, 2002 (Tr. 15-16).

Plaintiff subsequently filed new applications for DIB and SSI, and submitted new evidence from a consultative examination performed on May 23, 2002. Plaintiff was found to be disabled beginning March 14, 2002, the day after ALJ's decision was issued (Tr. 267, 269-274). On November 19, 2004, the Appeals Council set aside the April 17, 2002 action in order to consider additional information, but again declined to review the decision of ALJ, thereby exhausting Plaintiff's administrative remedies (Tr. 4-8).

Plaintiff, born October 15, 1952, was forty-nine (49) years old at the time of the ALJ's decision (Tr. 42). He had a high school equivalency education (Tr. 39), and had past relevant work as a welder (Tr. 39). He alleged disability due to an injury to his right shoulder and a malignant neoplasm of the colon, status post chemotherapy and colostomy. Plaintiff alleged that he stopped working on September 21, 2000 due to his impairments, and that he did not work after that date.

Plaintiff injured his right shoulder in an automobile accident in April, 1999 (Tr. 81). He first sought treatment for right shoulder pain in December, 1999 (Tr. 81). Plaintiff underwent surgery on his right shoulder in February, 2000. (Tr. 78-80).

On September 30, 2000, Dr. Nagen Bellare examined Plaintiff at the request of Plaintiff's treating physician (Tr. 101). Plaintiff reported to Dr. Bellare that he had stopped working as a welder due to his shoulder injury, but that he was currently self-employed as a sewer pipe installer, and was also doing some "bushhogging" (Tr. 102, 252).

Plaintiff further alleged disability due to a malignant rectal tumor. Plaintiff sought medical attention in September, 2000, after experiencing problems going to the bathroom. A CT scan performed on September 26, 2000 revealed thickening of the rectal wall with no extra-rectal involvement or mass effect (Tr. 105). A colonoscopy was performed and evidenced a rectal tumor (Tr. 136), and Plaintiff underwent a rectal resection with creation of a colostomy (Tr. 113-115). Dr. Ralph Abraham diagnosed carcinoma of the rectum (Tr. 105-107, 113-115, 159, 162).Plaintiff underwent chemotherapy for his rectal cancer beginning in November, 2000 (Tr. 152). Plaintiff began radiation of his pelvic area on March 5, 2001 (Tr. 234).

At the hearing, Plaintiff testified that he stopped working due to his shoulder injury (Tr. 328). Plaintiff further testified that he went to the emergency room in September, 2000 because he had difficulty going to the bathroom, and that he was later diagnosed with colon rectal cancer (Tr. 329). He testified that he underwent chemotherapy and radiation for the cancer, and that the treatment kept him sick most of the time (Tr. 329-331). He stated that he experienced urination frequency, fatigue, weakness, and occasional nausea as a result of the impairment (Tr. 333-334). Plaintiff told the ALJ that medication controlled some of his nausea. (Tr. 334).

Plaintiff testified that he took one or two naps per day, and stated that he did not think he was able to work because he did not believe he could stay awake all day (Tr. 335). However, he indicated that he had been trying to get out and do more (Tr. 334-335).

As the ALJ has determined that the Plaintiff could perform less then the full range of work and as not demonstrated even one position Plaintiff could obtain, the Court directs that testimony of a Vocational Expert be submitted to clearly determine, in accordance with the Medical-Vocational Guidelines wh whether there is "other substantial gainful employment available that the

3

claimant is capable of performing." *Fraga v. Bowen*, 810 F.2d 1296, 1301-02 (5th Cir. 1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2 . In addition, plaintiff should be given the opportunity to appear and testify at a supplemental hearing, and to submit additional evidence regarding his medical condition and ability to engage in substantial gainful employment.

The Court finds that the case should be remanded to the Commissioner to more fully and fairly develop the facts to determine whether plaintiff's present complaints of abdominal and pelvic pain, fatigue and nausea meet or equal the severity requirements necessary for a finding of disabled. *See Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986); *Owens v. Heckler*, 770 F.2d 1276, 1280 (5th Cir. 1985).

Accordingly, this Court, in light of defendant's pending motion and the record presented, remands this cause to the Commissioner for further proceeding in accordance with this Order. *Melkonyan v. Sullivan* 501 U.S. 89 (1991). Therefore, it is

ORDERED AND ADJUDGED, that this action be and the same is, hereby, remanded to the Commissioner of Health and Human Services. The Clerk of Court shall mail a certified copy of this Order of Remand to the Commissioner Social Security.

SO ORDERED AND ADJUDGED, this the 23rd day January, 2006.

                                                    UNITED STATES MAGISTRATE JUDGE